Samuel A. Welcome, J.
Plaintiff was induced to enter into a “ promotional sales contract ” with the defendant Dare To Be Great, Inc., on or about August 2, 1971, and thereby part with the sum of $5,000.
This was done after defendants explained to plaintiff the basic details of the Dare To Be Great, Inc., program which consisted mainly of pyramid type money sharing plan.
Upon reflection, plaintiff, on or about August 13,1971, before any action on behalf of the defendant, Dare To Be Great, Inc., notified the defendants that he was no longer interested in participating in the program and demanded that his $5,000 be returned. The case was tried before this court without a jury and the testimony adduced clearly indicated that this “ agreement ’ ’ was nothing more than a pyramid selling plan in the nature of a chain letter by which profits are promised to each buyer in turn persuading others to buy.
It is clear on its face that the “ purported contract ” between the defendant, Dare To Be Great, Inc., and plaintiff does not in any way indicate that this is the basis of the plan but speaks rather in generalities of motivation materials available. Nor does this contract in any way indicate the amount of additional “ purchasers ” that must be convinced to join the scheme in order to insure the return, -not to speak of profits of the original “ investment ”.
There is no credible testimony in the case that the defendant, Dare To Be Great, Inc., in any way bore any financial loss as a result of plaintiff’s change of mind, nor indeed would that be controlling. (Although the defendant does set up in its answer that it is obligated to part with $2,500 as a result of the “ contract ”.)
Plaintiff contends, inter alia, that there was a unilateral mistake on his part coupled with misrepresentation on the part of the defendants. However, the record is somewhat barren in support of this contention. The main question, seems to this court, is whether this “ contract ” is illegal. The question is whether or not this “ contract” is in violation of subdivision (1) of section 2 and sections 5 and 12 of the Securities Act of 1933 (U. S. Code, tit. 15, § 77b, subd. [1], §§ 77e, 771).
The Securities Act of 1933, act of May 27, 1933 (48 U. S. stat. 74, as amd.) sets forth the legislative intent as “ an act to provide full and fair disclosure of the character of securities sold in interstate and foreign commerce and through the mails, and to prevent frauds in the sale thereof and for other purposes.”
*1056 Subdivision (1) of section 2 provides “ when used in this sub-chapter, unless the context otherwise requires —
“ (1) The term -‘ security ’ méans any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, or, in general, any interest or instrument commonly known as a ‘ security ’, or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.”
Subdivision (3) of section 2 states “ The term ‘ sale ’ or ‘sell ’ shall include every contract of sale or disposition of a security or interest in a security, for value. The term ‘ offer to sell ’, ‘ offer for sale ’, or ‘ offer ’ shall include every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security, for value.”
Subdivision (4) of section 2 “ The term ‘ issuer ’ means every person who issues or proposes to issue any security.” (TJ. S. Code, tit. 15, § 77b, subds. [1], [3], [4]).
In view of the definition as set forth in said act the transaction between plaintiff and said defendant clearly is a security transaction within the meaning of the Securities Act of 1933.
Section 5 of the Securities Act of 1933 (U. S. Code, tit. 15, § 77e) provides as follows: “Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly — -
“ (1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such .security through the use of medium of any prospectus or otherwise;
“ (2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.”
Section 12 of the Securities Act of 1933 (U. S. Code, tit. 15, § 771) provides as follows: ‘ ‘ Any person who —
“ (1) offers or sells a security in violation of section 77e of this title, or
“ (2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means *1057 or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who, may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, upon the tender of such security, or for damages if he no longer owns the security.”
It has been held by the Securities and Exchange Commission that the operation of such a plan as in the case at bar involves offering of an investment contract or a participation in a profit sharing agreement which are securities within the meaning of subdivision (1) of section 2 and section 12 of the Securities Act of 1933. (See Securities and Exch. Comm. v. Glenn Turner Enterprises, CCH Federal Security Reporter, Paragraph 93605, May, 1972.) In that case the District Court of Oregon found that these ‘ promotional sales schemes” constitute an offer to sell in the sale of investment contracts and should have been registered under the Securities Act.
There is no testimony in this case and as a matter of fact, it is conceded that these “ contracts ” were not registered nor were they exempted from the Securities Act of 1933. Moreover, as was held in the Glenn Turner case, any person who participates in the distribution of these securities must be a broker as defined in subdivision (a) of section 3 of the Securities Exchange Act of 1934 (IT. S. Code, tit. 15, § 78c) and unless exemption is available would be required to be registered as such pursuant to section 15 (subd. [a], par. [1]; U. S. Code, tit. 15, § 780) of that act.
Clearly from all the testimony there is no indication that the contracts were registered; that the salesmen were, in fact, brokers or that anything was filed either with the Securities and Exchange Commission or any other commission in the State of New York.
It is the view of this court that these purported contracts are in violation of statutes of the United States and the State of New York and are void as a matter of law.
The plaintiff contends that the contract in question is also in violation of section 394-b of the General Business Law, which *1058 requires that contracts in excess of $500 for instructional, physical and social skills must he for a precise period of years and requires a payment under such contract be made in installments.
The court does not now pass on that because it has already held that the contracts are void under the previously cited sections of the Securities and Exchange Act and it is not necessary for it to therefore hold that the defendants are also in violation of section 394-b. Accordingly, therefore, even if the defendant parted with money or was obligated to part with money under this contract the provision itself would be void because the contract is void. Therefore judgment is entered in favor of the plaintiff as demanded in the complaint plus interest, costs and disbursements. Fifteen days’ stay.